United States District Court

Eastern District of California

Jason Brown,

     Petitioner,

vs.

Diana K. Butler, et al.,

     Respondents.

No. Civ. S 05-0866 FCD PAN P

Order

-oOo-

Petitioner requests appointment of counsel on the grounds he is indigent and lacks legal training and the law is complex.

There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 18 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). Unless an evidentiary hearing is necessary, the decision to appoint counsel

1  is discretionary.  Bashor v. Risley, 730 F.2d 1228, 1234 (9th
2  Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules
3  Governing § 2254 Cases.
4     In deciding whether to appoint counsel the court exercises
5  discretion governed by a number of factors, including the
6  likelihood of success on the merits and the applicant's ability
7  to present his claims in light of their complexity.  Weygandt v.
8  Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v.
9  Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
10 presumption of regularity in the state's procedures for confining
11 prisoners suggests a lack of likely success and counsels against
12 appointment of counsel.  See Maclin v. Freake, 650 F.2d 885, 887
13 (7th Cir. 1981).  As a general rule, the court will not appoint
14 counsel unless the applicant shows his claim has merit in fact
15 and law.  Id.  Even if the applicant overcomes this hurdle, the
16 court will not appoint counsel if the law is settled and the
17 material facts are within the petitioner's possession, viz., they
18 do not require investigation outside the prison walls.  Id. at
19 887-88.
20    Here, petitioner alleges the prosecution suppressed
21 material, exculpatory evidence, his appellate counsel was
22 ineffective and newly discovered evidence shows he is innocent.
23 The law governing these issues is settled.  Neither factual
24 development nor legal insight are required because these
25 proceedings are limited to claims that already were identified
26 and presented to the California Supreme Court.  There is, on the

record before the court, no reason to believe appointment of counsel would be of significant benefit.

Petitioner's November 17, 2005, motion for the appointment of counsel therefore is denied.

So ordered.

Dated: December 20, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge