IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON BROWN,

    Petitioner,        No. CIV S-05-0866 FCD PAN P

    vs.

MATTHEW KRAMER, et al.,

    Respondents.       FINDINGS & RECOMMENDATIONS

/

        Petitioner is a state prisoner, without counsel, seeking a writ of habeas corpus. See 28 U.S.C. § 2254. Respondent[1] moves to dismiss upon the ground the petition is untimely. Petitioner opposes.

        On February 21, 2001, petitioner was convicted of being a felon in possession of a firearm and sentenced to 25 years to life. Cal. Pen. Code §§ 12021(a)(1), 667(b)-(i), 1170.12.

        Petitioner appealed and on March 28, 2002, the appellate court affirmed.

        Petitioner filed a petition for review in the California Supreme Court. That court denied review on June 12, 2001.

        On April 5, 2002, petitioner filed a habeas petition in the trial court, which was

---

[1] Since Matthew Kramer is the Acting Warden of Folsom State Prison, he is substituted as respondent. See Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

assigned case number 02F03046.  On June 10, 2002, the trial court issued an order denying the petition in 02F03046.  On November 14, 2003, petitioner filed a second habeas petition in the trial court, which was assigned case number 03F09870.  On December 22, 2003, the superior court issued an order in case number 02F03046 finding:

> The petition for a writ of habeas corpus has been filed and considered.  By operation of law, an order to show cause was deemed granted in June 2002.  As the discussion in the court's order dated June 10, 2002, shows, the order was improvidently granted.  The OSC is recalled, and the petition is DENIED on the basis previously stated.

Petitioner's Lodged Documents, Document 1.  Also on December 22, 2003, the trial court denied petitioner's second habeas petition.

On February 6, 2004, petitioner filed a petition for a writ of habeas corpus in the appellate court.  That court summarily denied relief March 11, 2004.

On April 9, 2004, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court.  On March 23, 2005, the court summarily denied the writ.

On May 2, 2005, petitioner filed a petition for a writ of habeas corpus in this court.

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  A properly filed state post conviction application tolls the statute of limitations.  28 U.S.C. § 2244(d)(2).  In California, an application is "pending" from the time an initial application is filed, including the intervals between a lower court decision and filing a new petition in a higher court, until final disposition by the highest court as long as the petitioner does not unreasonably delay between the denial of relief in a lower court and filing a new petition on the next level.  Carey v. Saffold, 536 U.S. 214, 223 (2002).  When the state court rejects a

1  petitioner's post-conviction application as untimely, it is not "properly filed" and petitioner is not
2  entitled to statutory tolling.  Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1814 (2005);
3  see also Bonner v. Carey, 425 F.3d 1145 (9th Cir. 2005) (state timeliness rules are "conditions to
4  filing" a state-court petition for post conviction relief).  But when a California court does not
5  state whether it considers a habeas petition timely, (and the California Supreme Court does not
6  give clear direction or explanation about the meaning of the term "reasonable time"), the federal
7  court must decide whether it was filed "within what California would consider a 'reasonable
8  time.'"  Evans v. Chavis, 126 S.Ct. 646, 852 (2006).  The Supreme Court has suggested that 30 to
9  60 days, which most States provide for filing an appeal, would be reasonable in California.  See
10 Chavis, 126 S.Ct. at 854; *quoting*, Carey v. Saffold, 536 U.S. at 219.  A California applicant is
11 entitled to interval tolling for one full round of state habeas review even if he initiates a new
12 round of review before the first round is complete.  Delhomme v. Ramirez, 340 F.3d 817, 820
13 (9th Cir. 2003).
14         Petitioner's conviction became final September 10, 2002.  See Bowen v. Roe, 188
15 F.3d 1157 (9th Cir. 1999) (judgment on direct review becomes final when the 90-day limit for
16 filing a petition for certiorari expires).  Absent tolling, petitioner had until September 10, 2003,
17 to file his federal habeas petition.
18         Respondent asserts that petitioner's April 5, 2002, petition in the trial court does
19 not toll the limitation period because it was resolved before petitioner's conviction was final.
20         On December 22, 2003, the trial court denied the April 5, 2002, petition,
21 explaining that an order to show cause had issued in June 2002 notwithstanding the June 10,
22 2002, order.  Petitioner's April 5, 2002, state post-conviction application in the trial court was
23 pending from the commencement of the limitation period until December 22, 2003, and
24 petitioner is entitled to statutory tolling for that time (468 days).  Petitioner filed a petition in the
25 appellate court 46 days later, on February 6, 2004.  The appellate court denied relief March 11,
26 2004, and petitioner filed in the state supreme court 29 days later, on April 9, 2004.  The

1  California Supreme Court denied the petition on March 23, 2005.

2  Neither the appellate court nor the California Supreme Court stated petitioner
3  unreasonably delayed in filing his petitions.  Respondents have not demonstrated that
4  California's courts would find the intervals between petitioner's state-court petitions to be
5  unreasonable under circumstances such as those presented in this case.

6  Petitioner did not unreasonably delay between the denial of relief on one level and
7  filing a petition on the next.  Petitioner therefore is entitled to statutory tolling pursuant to
8  <u>Saffold</u> from the date the limitation period commenced until one year after the California
9  Supreme Court denied relief March 23, 2005.   Petitioner had until March 23, 2006, to file his
10 federal habeas petition.

11 The court finds petitioner's May 5, 2005, petition is timely.

12 Accordingly, IT IS HEREBY RECOMMENDED that:

13 1.  Respondent's October 12, 2005, motion to dismiss be denied;

14 2.  Respondents be directed to file an answer within thirty days from the date of
15 any order of the district court adopting these findings and recommendations and to include with
16 the answer any and all transcripts or other documents relevant to the determination of the issues
17 presented in the application, <u>see</u> Rule 5, Rules Governing Section 2254 Cases; and

18 3.  Petitioner's traverse, if any, be due on or before thirty days from the date
19 respondents' answer is filed.

20 These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Written
22 objections may be filed within 20 days after service of these findings and recommendations. The
23 document should be captioned "Objections to Magistrate Judge's Findings and
24 /////
25 /////
26 /////

1  Recommendations." Failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: May 4, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

8  \004
9  \briw0866.157