IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON BROWN,

    Petitioner,                        No. CIV S 05-0866 FCD EFB P

    vs.

MARK SHEPHERD,

    Respondent.                       O R D E R

_____/

    Petitioner is a state prisoner seeking a writ of habeas corpus. See 28 U.S.C. § 2254. Respondent[1] moves for a more definite statement. See Fed. R. Civ. P. 12(e).[2]

    A court may grant a party's request for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). It is not a mechanism to force a party to anticipate or negate defenses, Bowles v. Wheeler, 152 F.2d 34 (9th Cir. 1945), to disclose details of the case, Boxall v. Sequoia Union High School Dist., 464 F.Supp. 1104, 1114 (N.D. Cal. 1979), or to provide the evidentiary

---

[1] Mark Shepherd is substituted as respondent. See Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

[2] The Federal Rules of Civil Procedure govern habeas corpus proceedings insofar as those rules are not inconsistent with the Rules Governing § 2254 Cases. Rule 11, Rules Governing § 2254 Cases. No rule in the latter governs unintelligible pleadings or prohibits a party from seeking clarification thereof. Therefore, the court applies Rule 12(e) of the Federal Rules of Civil Procedure.

material that may properly be obtained by discovery. <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, 525 F.Supp. 940, 949 (E.D. Cal. 1981).

A habeas petition must allege particular supporting each ground for relief. 28 U.S.C. § 2242; Rule 2, Rules Governing § 2254 Proceedings.

Respondent seeks clarification of plaintiff's seventh and eighth claims,[3] asserting they are incomprehensible and unintelligible.

In claim seven, plaintiff claims,

> Appellate counsel Hilda Scheib rendered I.A.C. on petitioner's first appeal as a right, by failing to file with the appellate court an application for order directing trial counsel to furnish petitioner's trial files to her, petitioner's counsel on appeal.

Attachment 1 at 72. He asserts several pages of facts in support of this claim.

Respondent may dispute the merits of his allegations, but petitioner plainly alleges a violation of his rights under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and <u>Evitts v. Lucey</u>, 469 U.S. 387 (1985).

In claim eight, plaintiff asserts state officials have interfered with his ability to develop the facts in state court and he is entitled to an evidentiary hearing.

While this allegation is stated in a request for an evidentiary hearing and not separately designated as a claim, the substance is clear.

The court finds the petition adequate for respondent to frame an answer.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's June 27, 2006, motion is denied;

2. Respondent has 30 days from the date this order is served to file and serve an answer.

Dated: August 30, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\brow0866.dny more def stmnt

---

[3] Respondent refers to plaintiff's ninth and tenth claim.

2