IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON BROWN,

           Petitioner,                   No. CIV S-05-0866 FCD EFB P

    vs.

DIANA K. BUTLER,

           Respondent.             ORDER

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the petition filed May 2, 2005. On October 12, 2005, respondent moved to dismiss on the ground that this action was untimely. The court denied that motion and directed respondent to answer the petition. Respondent now moves to dismiss on the ground that the petition contains both exhausted and unexhausted claims. Petitioner opposes. For the reasons explained below, the court finds that the petition is mixed and gives petitioner the opportunity to request that the proceedings be stayed and held in abeyance while he exhausts available state remedies with respect to one claim.

**I.    Procedural History**

       On April 4, 2000, petitioner was charged with robbery and being a felon in possession of a firearm. Resp.'s Mot. to Dism., filed Oct. 4, 2006, Ex. E at 9. Following a jury trial, petitioner

1   was acquitted of robbery but convicted the firearm charge, and on February 21, 2001, he was

2   sentenced to serve 25 years to life in prison.  *See* Cal. Pen. Code §§ 12021(a), 667(b)-(I),

3   1170.21.  Resp.'s Mot. to Dism., Ex. B.  Petitioner appealed, raising the following issues: (1) the

4   trial court failed to instruct the jury that it must arrive at a unanimous verdict on a single charge

5   consisting of two acts; (2) the offense for which petitioner was convicted was not the offense for

6   which evidence was adduced at the preliminary hearing; (3) defense counsel was ineffective for

7   failing to argue that petitioner was tried for an offense not supported by the evidence at the

8   preliminary hearing; (4) petitioner's admission of the facts supporting the enhancement of his

9   sentence did not comport with state law procedural requirements.  *Id*., at Ex. 6.  The appellate

10  court affirmed the judgment.  Doc. #2 Lodged in Supp. of Resp.'s Oct. 12, 2005, Mot. to Dism.

11  Petitioner filed a petition for review in the California Supreme Court, seeking review of the

12  appellate court's rulings on each of petitioner's claims on appeal. *Id*., at Lodged Doc. #3.   The

13  petition for review was denied.  *Id*., at Lodged Doc. #4.

14        Petitioner thereafter sought and was denied habeas relief in the trial and appellate courts.

15  *Id*., at Lodged Docs. # 5, 6, 7, 8, 9, 10.  Following the denial of relief in the appellate court,

16  petitioner filed a petition for a writ of habeas corpus in the California Supreme Court.  *Id*., at

17  Lodged Doc. #11.  As grounds for relief, petitioner alleged: (1) appellate counsel was ineffective

18  by failing to argue that trial counsel should have objected to false testimony by Officer Nygren,

19  which she would have discovered had she adequately investigated and obtained a 911 incident

20  history report, reviewed prior testimony in the matter given by a different officer and examined

21  photographs of the crime scene; (2) appellate counsel was ineffective by failing to argue trial

22  counsel's ineffectiveness in failing to object to the in-court identification of petitioner upon the

23  ground that it resulted from impermissibly suggestive identification procedures; (3) newly

24  discovered evidence that one of the firearms found at the scene is missing one of the serial

25  numbers demonstrates that petitioner actually is innocent; (4) appellate counsel was ineffective

26  by failing to argue that the prosecution knowingly presented false testimony about one of the

firearms; (5) appellate counsel was ineffective by failing to argue that trial counsel's investigation was inadequate in that trial counsel failed to interview and subpoena both the owner of one of the guns found at the scene and the officer who returned the gun to the owner, and failed to present reasonably available exculpatory evidence with respect to the gun and its owner; (6) appellate counsel was ineffective by failing to argue that the trial judge acted in excess of his jurisdiction when he instructed the jury that the guns found at the crime scene satisfied the firearm element of the possession charge; (7) petitioner has been unable fully to develop the factual and legal basis of his first ground for relief and appellate counsel was ineffective because trial counsel did not relinquish the documents based upon which he advised petitioner to admit the prior violent felonies and counsel failed to obtain a court order directing trial counsel to produce them; (8) state officials have prevented petitioner from developing the factual and legal basis for his first, third, fourth, fifth and seventh grounds for relief because they have not properly responded to his public records requests and the state courts have refused to order the production of documents; (9) petitioner's sentence of life without the possibility of parole for 25 years is cruel and unusual punishment in violation of the Eighth Amendment. *Id.*, at Lodged Doc. #11.  The California Supreme Court summarily denied relief. *Id.*, at Lodged Doc. #12.

        In his May 2, 2005, federal petition, petitioner enumerates ten separate grounds for relief. He attaches a photocopy of the April 9, 2004, petition he filed in the California Supreme Court and specifically incorporates them into the federal petition.  Therefore, nine grounds for relief are identical to those presented to the California Supreme Court.  As his first "ground" for relief in this court, petitioner argues that the prosecution failed to disclose material, exculpatory information.  Petition at 5.  The body of the claim, however, essentially repeats the allegations that petitioner made in a motion for an evidentiary hearing filed in the California Supreme Court. Petition, Attach. 2 at 2.  He identifies a police report he believes exists but has not been disclosed, but nowhere does he allege the information contained therein.  Petition at 5, 8-11.  He

1  argues that the report or live testimony of the reporting officer will provide factual support for

2  "grounds 1-5, and 7-8 of his state and now Federal Habeas petition," emphasizing that the

3  information is especially crucial to his second ground for relief.  *Id.* at 8, 11.

4  **II.      Standards**

5          A district court may not grant a petition for a writ of habeas corpus unless "the applicant

6  has exhausted the remedies available in the courts of the State," or unless there is no State

7  corrective process or "circumstances exist that render such process ineffective to protect the

8  rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion

9  requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.

10  *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented

11  operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365

12  (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are

13  asserting claims under the United States Constitution").  Furthermore, the claim must be

14  presented in a procedure that enables a court to reach it.  *See Castille v. Peoples*, 489 U.S. 346

15  (1989) (claims raised in petition for allocatur but not in state post-conviction proceedings

16  unexhausted where review on allocatur was discretionary but review in post-conviction

17  proceedings was not); *see also Roettgen v. Copeland*, 33 F.3d 36 (9th Cir. 1994) (presenting in

18  habeas corpus claims cognizable only in motion for post-conviction relief pursuant to rule of

19  criminal procedure does satisfy exhaustion requirement).  A claim is unexhausted if any state

20  remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek

21  discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th

22  Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's

23  denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower

24  court's disposition of that appeal to state supreme court).  A mixed petition, i.e., one containing

25  exhausted and unexhausted claims, ordinarily must be dismissed.  *Rose v. Lundy*, 455 U.S. 509,

26  522 (1982).  However, the court may stay a mixed petition to allow a petitioner to present

1   unexhausted claims to the state courts.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  To

2   decide whether to stay an action while petitioner exhausts available state remedies, the court

3   must determine whether petitioner had good cause for his failure to exhaust, whether the

4   unexhausted claim is potentially meritorious and whether petitioner engaged in intentionally

5   dilatory litigation tactics.  *Rhines*, 544 U.S. at 277-278.

6   **III.    Analysis**

7           As stated above, respondent contends that the petition should be dismissed because it is

8   mixed.  Petitioner argues that it is too late for respondent to assert failure to exhaust as a defense

9   and that the court cannot consider the motion because respondent did not obtain leave to file it

10  pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.  The court considers petitioner's

11  procedural objections before reaching the merits of the motion.  The court cannot deem the

12  exhaustion requirement to have been waived and cannot grant relief on any unexhausted claim

13  unless respondent specifically waives the exhaustion requirement.  28 U.S.C. § 2254(b)(3).  The

14  corollary to these principles is that a respondent may raise the defense at any time.  Petitioner's

15  opposition on this basis is without merit.

16          With respect to the mechanism by which respondent elected to raise the defense, i.e., a

17  motion, it is not subject to the requirements of Rule 15 of the Federal Rules of Civil Procedure.

18  Rule 15(d) applies in these proceedings insofar as it is not inconsistent with the Rules Governing

19  Section 2254 Cases.  *See* Rule 11, Rules Governing Section 2254 Cases.  However, Rule 15(d)

20  requires parties to obtain leave of court before filing a supplemental pleading.  A pleading, i.e., a

21  petition or answer, makes or defends against a claim for relief, whereas a motion or other paper

22  is an application to the court for an order.  *See* Rules 2, 5, Rules Governing Section 2254 Cases;

23  Fed. R. Civ. P. 7(a), (b).  Respondent has yet to file an answer to the petition.  Instead, she seeks

24  by way of a second motion, an order dismissing the petition without prejudice.  Petitioner's

25  opposition on this basis also is without merit.

26  ////

Finally, petitioner contends that the motion should be denied because the court ordered respondent to file and serve an answer to the petition, asserting that respondent's motion violates an order of this court.  Petitioner is correct that the court directed respondent to file and serve an answer.  *See* Order filed May 31, 2006.  However, insofar as respondent has a good faith basis for believing that the petition is mixed, she is justified in filing a second motion.  The better practice in light of the May 31, 2006, order would have been to seek leave to file a second motion, stating the reasons therefore.  However, this court cannot consider a mixed petition and it is respondent's obligation to raise the issue.  Therefore, petitioner's opposition on this basis cannot be sustained.

Turning to the merits, respondent asserts that petitioner did not present to the California Supreme Court his first or fourth claims made in the federal petition.  The court first considers the nature of the argument that petitioner designates as his first ground for relief in the petition, i.e., there exists a police report that the prosecution has not turned over to petitioner which contains material, exculpatory information necessary to support other grounds for relief asserted in the petition.  As explained above, although petitioner designates this as a ground for relief, he does not allege facts to support the ground for relief.  Instead, he argues that unless he obtains this report, he cannot allege the particular facts contained therein in support of a different ground for relief.  This argument appears to be more in the nature of a request for an evidentiary hearing and an explanation of why he failed to develop the factual basis in state court (which need not be exhausted) than a ground for relief.  But in opposition to respondent's motion, petitioner asserts that he "presented his proper request for a State Evidentiary hearing and the claims contained therein" to the California Supreme Court in a request for a hearing in that court.  Thus, petitioner seems to concede that he attempts to make a claim for relief based on a due process violation.  Petitioner did not present this claim to the California Supreme Court in a habeas petition or in a petition for review; and, therefore that court could not address the claim.  The court concludes that the due process claim is not exhausted.

1    Respondent also contends that petitioner has not exhausted the claim that trial counsel
2    was ineffective by not objecting to the in-court identification of petitioner upon the ground it was
3    impermissibly suggestive.  Resp.'s Mot. to Dism., at 7.  In a footnote, counsel acknowledges that
4    petitioner all along has claimed that appellate counsel should have challenged trial counsel's
5    failure make this objection.  *Id.*, at 8.  He asserts, however, that somewhere in "ground four" of
6    the petition, petitioner now makes a free-standing claim that trial counsel was ineffective for not
7    objecting to the in-court identification.  *Id.*  Thus, the fourth ground in the federal petition would
8    be the third ground in the state petition.  As stated above, the first ground for relief in the federal
9    petition was not included in the petition filed in the California Supreme Court.  By incorporating
10   the petition filed in the California Supreme Court, the remainder of the federal petition presents
11   an additional, consecutively numbered nine grounds for relief.  Petitioner attaches a photocopy
12   of that petition.  Ground three of the attached petition alleges that newly discovered evidence,
13   i.e., one of the firearms found at the scene is missing one of digit of the serial number,
14   demonstrates that petitioner actually is innocent.  Petition, Attach. 1 at 38.  Petitioner refers to
15   the testimony of the witness who identified him in court, arguing that since her testimony was
16   not credible on the question of the identity of the perpetrator, it should not be deemed credible on
17   the question of whether petitioner used a firearm.  Petition, Attach. 1 at 44.  First, the court notes
18   that this is not a claim that trial counsel was ineffective, freestanding or otherwise.  Second, the
19   identical allegations are included at page 44 of the petition filed in the California Supreme Court.
20   Doc. #11 Lodged in Supp. of Resp.'s Oct. 12, 2005, Mot. to Dism., at 44.  Thus, respondent's
21   contention fails.

22       For the reasons stated herein, the court finds that petitioner has not presented to the
23   California Supreme Court his claim that the state withheld material, exculpatory evidence as
24   alleged in ground one of the federal petition.  *See* Petition at 5.  However, the court further finds
25   that petitioner presented to the California Supreme Court the other grounds contained in the
26   federal petition.  Therefore, the petition is mixed and respondent's motion must be granted.

1      Accordingly, it is hereby ORDERED that petitioner has 30 days from the date of this

2 order to request the court to stay this action and hold it in abeyance while he presents his due

3 process claim to the state courts.  Failure to make such a request will result in an order

4 dismissing the petition with leave to file an amended petition containing only the exhausted

5 claims.

6 Dated:  July 10, 2007.

                                   EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE