IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON BROWN,

    Petitioner,                    No. CIV S-05-0866 FCD EFB P

    vs.

DIANA K. BUTLER, et al.,

    Respondents.                ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On December 19, 2006, petitioner moved for sanctions on the ground that respondents are delaying resolution of the petition. For the reasons explained below, the motion must be denied.

      This action proceeds on the May 2, 2005, petition for a writ of habeas corpus. On July 13, 2005, the court ordered that the petition be served on respondents. *See* 28 U.S.C. § 2243 (requiring service of habeas petition "unless it appears from the application that the applicant or person detained is not entitled" to relief.). On October 12, 2005, respondents moved to dismiss on the ground that the action was time-barred. On May 31, 2006, the court denied the motion and directed respondents to file an answer. On June 27, 2006, respondents filed a motion for a more definite statement. The court denied this motion on August 31, 2006, and directed

1

respondents to file an answer. Instead of an answer, respondents filed a second motion to dismiss on October 4, 2006, this time on the ground that the petition contained both exhausted and unexhausted claims. On July 10, 2007, the court found that the petition is in fact mixed, and gave petitioner the opportunity to request to stay this action and hold it in abeyance while he presents his unexhausted claims to the state courts. Petitioner's time to comply with that order has not yet expired.

Petitioner now argues that he is entitled to an order granting the writ of habeas corpus as a sanction for respondents' delay in answering the petition. Respondents properly point out that they were entitled to file their motions despite the orders to file an answer. Indeed, the motion was meritorious. It is well-established that a federal district court cannot entertain a habeas petition that is mixed, i.e., that contains both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

The Rules Governing Section 2254 Cases contemplate motions practice. Rule 4, Rules Governing Section 2254 Cases. Although it would have been far more efficient for respondents to have presented the various motions at one time in a single consolidated motion, it was not a violation of the Rule for them to proceed in the manner they did. Respondent clearly should have discovered long ago that the petition was mixed. However, no rule bars respondents from filing repeated motions, and there is no authority for granting a writ of habeas corpus as a sanction for opposing counsel's apparent failure efficiently to manage the case. Accordingly, petitioner's motion for sanctions must be denied.

Accordingly, it is ORDERED that petitioner's December 19, 2006, motion for sanctions is denied.

Dated: September 13, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE