IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON BROWN,

    Petitioner,                    No. CIV S-05-0866 FCD EFB P

    vs.

DIANA K. BUTLER, et al.,

    Respondents.               ORDER

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On September 21, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. The magistrate judge recommended that this action be dismissed upon the ground that the petition contains both exhausted and unexhausted claims, and petitioner failed to comply with orders directing him to file an amended petition containing only the exhausted claims and to request that the action be stayed and held in abeyance. Petitioner has filed objections to the findings and recommendations. In them, he does not state whether he is pursuing available state remedies

1  with respect to his unexhausted claims, whether he intends to do so, or whether he believes that
2  the stay-and-abeyance procedure is appropriate in this case. *See Rhines v. Weber*, 544 U.S. 269,
3  277-78 (2005). Instead, he asserts that a typographical error by the magistrate judge has so
4  confused him that he does not know how to proceed and dismissal would be unfair. The error is
5  found in the magistrate judge's August 22, 2007, order granting petitioner's request for an
6  extension of time to file an amended petition and to request that this action be stayed. There, the
7  magistrate judge granted the extension of time (despite finding petitioner's grounds therefor to
8  be "dubious") to comply with a July 25, 2007, order. In fact, the order with which petitioner was
9  to comply was filed on July 10, 2007. Thus, petitioner now asserts he never received an order
10 filed on that date, and therefore cannot comply with it. This court finds that there is no basis for
11 finding that mistaken date was so confusing as to render dismissal unfair. The August 22, 2007,
12 order was in response to petitioner's request for an extension of time to comply with an order
13 dated July 10, 2007. Petitioner's request for an extension of time demonstrates that he was
14 aware of the July 10 order. Nor did he file a request that the court clarify the dates. He could
15 have done so, considering that he has copies of all the orders this court has served on him, as
16 evidenced by his having attached copies thereof to his objections to the recommendation of
17 dismissal. Furthermore, petitioner does not now assert that he is ignorant of what was expected
18 of him, i.e., filing an amended petition and, if appropriate, requesting stay and abeyance. Neither
19 does he make any new argument challenging the finding that his petition is mixed. For these
20 reasons, this court finds that petitioner is not making a good faith attempt to comply with the
21 orders of this court, but merely is attempting to delay resolution of this action.

22        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-
23 304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the
24 entire file, the court finds the findings and recommendations to be supported by the record and
25 by proper analysis.
26 ////

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. The findings and recommendations filed September 21, 2007, are adopted in

3  full;

4  2. Respondent's October 4, 2006, motion to dismiss is granted; and

5  3. This action is dismissed without prejudice.

6  DATED: November 28, 2007.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE