IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON BROWN,

    Petitioner,

vs.

DIANA K. BUTLER, Warden,

    Respondent.

No. CIV S-05-0866 FCD EFB P

<u>ORDER</u>

Petitioner is a state prisoner seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He currently seeks relief from the judgment entered on November 29, 2007, pursuant to the finding that his petition contains both exhausted and unexhausted claims and must be dismissed without prejudice. For the reasons explained, the motion is denied.

**I.  Procedural History**

This motion stems from the court's disposition of respondent's October 4, 2006, motion to dismiss on the ground that petitioner failed to exhaust the available state remedies, as required by 28 U.S.C. § 2254(b). On July 10, 2007, this court found that the May 2, 2005, petition was "mixed," i.e., it contained both exhausted and unexhausted claims. Petitioner had not presented to the California Supreme Court his claim that the prosecution had withheld material, exculpatory evidence. The court explained that Supreme Court precedent requires dismissal of

mixed petitions, but gave petitioner the opportunity to invoke the stay-abeyance procedure pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  The court cautioned petitioner that failure to seek a stay and abeyance would result in an order dismissing the mixed petition, but with leave to file an amended petition deleting the prosecutorial misconduct claim.  Petitioner requested an extension of time to seek an order staying this action, and the court granted the additional time.  However, petitioner failed to submit a request for stay and abeyance.  Accordingly, on August 22, 2007, the court ordered plaintiff "to comply with the July 10, 2007, order," and again cautioned him that if he did not, this action would be dismissed without prejudice.  Petitioner still did not file an amended petition or a request for stay and abeyance.  Therefore, on November 29, 2007, the court dismissed this action *without prejudice*.  The Clerk of the Court duly entered judgment.

Thereafter, petitioner filed a notice of appeal, but then withdrew it.  On January 16, 2008, he filed an amended petition in this same case, literally deleting his prosecutorial misconduct claim by drawing a line through it.  On March 2, 2009, petitioner filed a request for relief from judgment.

**II.     Standards**

Rule 60(b), Fed. R. Civ. P., provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner asserts that the court "affirmatively misled" him about how he should proceed and what remedies would remain available to him upon dismissal of his habeas action.  Having examined the orders issued in this case, the court finds that petitioner was not mislead.  Neither

1 can the court, on this record, conclude that petitioner's failure to act (which ultimately led to the
2 dismissal) was the result of excusable neglect.  He was expressly informed on at least two
3 occasions how to proceed.  He was also repeatedly cautioned as to the consequences if he did
4 nothing.  As noted, in the order addressing the motion to dismiss, the court clearly stated that
5 federal courts cannot entertain petitions containing both exhausted and unexhausted claims.  The
6 court also explained that petitioner could avoid dismissal of the action if he sought stay and
7 abeyance.  Petitioner expressed an intent to seek stay and abeyance when he requested additional
8 time to file a motion for stay and abeyance.  The court granted the request.  When petitioner
9 failed to file a motion or otherwise act pursuant to the order finding the petition was mixed, the
10 court properly dismissed this action without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 522
11 (1982).  The court finds that no mistake, or excusable neglect affected these proceedings and
12 petitioner is not entitled to the relief he seeks.

**III.    Conclusion**

For the reasons explained above, petitioner has not demonstrated that he is entitled to relief from judgment.

Accordingly, it hereby is ordered that petitioner's March 2, 2009, motion for relief from judgment is denied.

Dated: August 18, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE